UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

E. John Rewwer, *et al.*,

    Plaintiffs,

v.

United States of America,

    Defendant.

Case No. 1:20cv495

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon the United States' Motion for Judgment on the Pleadings. (Doc. 10). Plaintiffs have filed a Response in Opposition (Doc. 11); and the United States filed a Reply (Doc. 12).

### I. BACKGROUND

For purposes of the Motion, there is little dispute between the parties as to the facts of this case. Plaintiffs are seeking a refund of federal income taxes for income tax years 2007 and 2009. (Doc. 1, PAGEID 2, 3).

In February of 2011, the IRS performed an audit of Plaintiffs for the years 2007, 2008, and 2009. (Doc. 1, PAGEID 2). The IRS disallowed Schedule C business expenses and assessed Plaintiffs $15,041.12 in tax, interest, and penalty for 2007; $137,718.33 in tax, interest, and penalty for 2008; and $55,299.91 in tax, interest, and penalty for 2009. (Id.) These amounts were paid in full on March 13, 2014. (Id.)

On February 24, 2016, Plaintiffs, through counsel, filed a Form 843, Claim for Refund and Request for Abatement, with the IRS for income tax years 2007, 2008 and 2009. (Id.) In response to the question "[e]xplain why you believe this claim or request

should be allowed," Plaintiffs wrote: "The IRS did not properly consider documentation of my expenses during my income tax audit. I would ask that the IRS reopen the audit, reconsider my documentation, and refund the amounts paid as a result of the erroneous audit adjustments, including any penalty and interest that may have accrued." (Doc. 1-1, PAGEID 4; Doc. 1-1, PAGEID 6).

On each Form 843 counsel for Plaintiffs signed the signature line for "taxpayer" as "Jessica Craven, POA" and the signature line for "paid preparer" as "Jessica Craven." (Doc. 1-1, PAGEID 4-7).

The IRS allowed the 2008 Claim, and Plaintiffs received a refund on February 26, 2018 for $189,816.25. (Id.) However, on July 10, 2018, the IRS disallowed the 2007 and 2009 Claim. (Doc. 1-2). Plaintiffs appealed this decision, but after two years, the IRS had not decided the appeal. (Doc. 1, PAGEID 3). Plaintiffs now seek a refund for the amounts claimed for 2007 and 2009. (Id.)

The United States argues that a Form 843 is the wrong form to claim a refund and the forms were not signed. As a result, the United States maintains that Plaintiffs' claims should be dismissed because Plaintiffs' claims are barred by sovereign immunity; and the Complaint fails to state a claim upon which relief can be granted.

## II. ANALYSIS

### A. Motion for Judgment on the Pleadings

The standard of review for a Rule 12(c) motion is generally the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). Accordingly, "[f]or purposes of a motion for

2

judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).  The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, *i.e.*, more than merely possible.  *Id*. (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-950 (2009)).  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 556 (2007)).

"If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  However, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999)).

Here, attached to Plaintiffs' Response in Opposition to the United States' Motion are: (1) two Forms 1040X which Plaintiffs submitted to the IRS on December 27, 2016 and August 11, 2017 (Doc. 1-2, PAGEID 123, 129); and (2) Forms 1040X which were submitted on May 5, 2021 (Doc. 11-2, PAGEID 148).  These documents are central to Plaintiffs' claim.  While these specific documents are not referred to in the Complaint, they

are a part of the administrative proceedings upon which Plaintiffs base their claim in this Court. Therefore, the Court will consider these documents in deciding the United States' Motion for Judgment on the Pleadings.

### B. **Sovereign immunity**

As the Sixth Circuit has explained, sovereign immunity may serve as a jurisdictional bar to an action brought against the United States:

> "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). "Sovereign immunity is jurisdictional in nature." *Id*. It implicates a court's subject-matter jurisdiction because the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *See id.* (citation omitted); *see also Brownback v. King*, ––– U.S. –––, 141 S. Ct. 740, 749, 209 L.Ed.2d 33 (2021).

*Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021). "Congress has expressly waived sovereign immunity for suits against the United States by taxpayers seeking to recover tax refunds." *Kaffenberger v. United States*, 314 F.3d 944, 950 (8th Cir. 2003) (citing 26 U.S.C. § 7422(a) (1994), I.R.C. § 7422(a)). However, before a taxpayer can maintain a suit in federal court, he or she must file an administrative claim for refund with the IRS. *See* 26 U.S.C. § 7422(a); *see also Thomas v. United States*, 166 F.3d 825, 828 (6th Cir. 1999). A claim for refund "must set forth in detail each ground upon which a credit or refund is claimed and the facts sufficient to apprise the Commissioner of the exact basis thereof." Treas. Reg. § 301.6402–2(b)(1).

According to the United States, Plaintiffs failed to file an administrative claim for refund as required by 26 U.S.C. § 7422(a). The United States explains that what Plaintiffs filed was inadequate for two reasons. First, the United States maintains that Form 843 is not the correct form to request a refund for income taxes originally filed on Form 1040.

4

Second, the United States maintains that Plaintiffs did not provide sufficient authority for an agent to sign on their behalf, and therefore Plaintiffs are relying on an unsigned Form 843.

When a taxpayer seeks a refund of an overpayment of individual income taxes, a claim for refund must be made on a Form 1040 or 1040X. *See* 26 C.F.R. §§ 301.6402-2(a); 26 C.F.R. § 301.6402-2(c); 26 C.F.R. § 301.6402-3(a)(2). Here, Plaintiffs initially filed a Form 843, which is the form to be used in claiming a refund of other types of tax. *Accord Wheelis v. United States*, 2002 WL 1482527, at *2 (D. Ariz. May 22, 2002) ("Form 843 is not a valid vehicle for claiming a refund of income taxes. The regulations require that a claim for refund be made on Form 1040.").

In addition, the grounds and facts in support of a claim for refund "must be verified by a written declaration that it is made under the penalties of perjury." 26 C.F.R. § 301.6402-2(b)(1). A taxpayer may authorize a representative to execute a claim for refund, but a power of attorney must be attached to the claim. 26 C.F.R. § 301.6402-2(e) ("A claim may be executed by an agent of the person assessed, but in such case a power of attorney must accompany the claim."). Here, Plaintiffs did not sign the Form 843 submitted for 2007 or 2009. Instead, their attorney Jessica Craven signed both Forms 843 as "P.O.A," but did not attach a Form 2848, Power of Attorney and Declaration of Representation.

Plaintiffs acknowledge these deficiencies, but argue that Plaintiffs' Form 843 claims constitute informal claims.

The Supreme Court has "held that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general

or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period." *United States v. Kales*, 314 U.S. 186, 194, 62 S. Ct. 214, 218, 86 L. Ed. 132 (1941); *see also Kaffenberger v. United States*, 314 F.3d 944, 954 (8th Cir. 2003) ("Although the regulation states that a claim that fails to comply with the requirements will not be considered as a claim for refund, [Treas. Reg.] § 301.6402–2(b)(1), the Supreme Court has endorsed informal claims filed within the statutory period that have technical deficiencies, as long as a valid refund claim is subsequently made after the period has run.").

"An informal claim must have 'a written component . . . and should adequately apprise the Internal Revenue Service that a refund is sought and for certain years.'" *Estate of Hale v. United States*, 876 F.2d 1258, 1262 (6th Cir. 1989) (quoting *American Radiator & Standard Sanitary Corp. v. United States*, 318 F.2d 915, 920 (Ct. Cl. 1963)). "[T]he writing should not be given a crabbed or literal reading, ignoring all the surrounding circumstances which give it body and content. The focus is on the claim as a whole, not merely the written component." *Id*. *Accord Wilshire v. United States*, No. 1:07-CV-00377, 2008 WL 4858256, at *1 (S.D. Ohio Nov. 10, 2008) (two years of oral and written communications from the executor of the taxpayer's estate, along with a copy of the will and original tax return were sufficient to constitute a valid informal claim for a refund). For instance, in a case before it, the Sixth Circuit held that it had jurisdiction over an individual taxpayer's refund claims:

> the "Forms 843" dated November 1, 1995 are sufficient administrative claims. Although filed on the wrong form, the "Forms 843" dated November 1, 1995 put the IRS on notice. This fact is evidenced by the corresponding IRS rejection letters dated June 27, 1996, which refer Thomas to the IRS'

6

> initial examination of his tax returns. Therefore, the IRS was aware of the nature of Thomas' claims.

*Thomas v. United States*, 166 F.3d 825, 831 (6th Cir. 1999).

Here, based on the totality of the facts, the Court finds that Plaintiffs submitted valid informal claims because the IRS understood that Plaintiffs were seeking a refund, even though the proper form was not used.  The Form 843s which were submitted made it clear which years were being claimed and explained: "The IRS did not properly consider documentation of my expenses during my income tax audit. I would ask that the IRS reopen the audit, reconsider my documentation, and refund the amounts paid as a result of the erroneous audit adjustments, including any penalty and interest that may have accrued."  After the receipt of these forms, the IRS specifically directed Plaintiffs to file Form 1040X because "[t]he assessment must remain unpaid to meet the eligibility requirement to request an audit reconsideration."  (Doc. 11-2, PAGEID 121).  In the correspondence which followed, there is no indication that the IRS did not understand Plaintiffs' request.  Rather, the IRS asked for more time to conduct research, sent the claims to the Cincinnati Service Center for processing, and at one point, actually appeared to allow the requested adjustment for tax year 2007.  (Doc. 11-2, PAGEID 126, 127, 131, 133).  Moreover, the IRS allowed the full amount of Plaintiffs' claim for tax year 2008, which was also filed on Form 843.  (Doc. 11-2, PAGEID 137).  As the Supreme Court has observed:

> If the Commissioner chooses not to stand on his own formal or detailed requirements, it would be making an empty abstraction, and not a practical safeguard, of a regulation to allow the Commissioner to invoke technical objections after he has investigated the merits of a claim and taken action upon it.

*Angelus Milling Co. v. Com'r*, 325 U.S. 293, 297, 65 S. Ct. 1162, 1164–65, 89 L. Ed. 1619

(1945).

In addition, any deficiencies in the informal claim were cured by the filing of the formal claims. Plaintiffs submitted Forms 1040X on December 27, 2016, for 2007 and on August 11, 2017, for 2009. (Doc. 11-1, PAGEID #84). While these forms were not properly signed, after filing their lawsuit in this Court, Plaintiffs submitted signed Forms 1040X under penalty of perjury on May 5, 2021. The Court finds that the submission of these forms was largely irrelevant. *Cf. Gervasio v. United States*, 627 F. Supp. 428, 431 (N.D. Ill. 1986) (noting "that the government's objection to the unsigned copy of the refund claim is moot as the plaintiff has now filed a signed copy of the claim form.").[1] At no point did the IRS deny the claims on the basis of a lack of signatures or counsel's Form 2848. The Court concludes that the IRS should be estopped from asserting this formal requirement since it waived strict compliance until Plaintiffs filed their claim here. *Accord Wilshire v. United States*, 2008 WL 4858256, at *5 ("Finally, the Court concludes the IRS should be estopped from arguing at this point in the proceeding that the Will could somehow be interpreted so as not to require a refund. Clearly, the IRS already accepted the merits of Plaintiff's position, and there is no valid basis for it to change its position at this late point in the proceedings.").

## III. <u>CONCLUSION</u>

Based on the foregoing, the United States' Motion for Judgment on the Pleadings

---

[1] There is some disagreement as to whether amendments to taxpayer claims which raise new legal theories are effective because the IRS's jurisdiction over the claim necessarily terminates on the date a refund suit is filed. *See Computervision Corp. v. United States*, 445 F.3d 1355, 1372 (Fed. Cir.), *adhered to on denial of reh'g*, 467 F.3d 1322 (Fed. Cir. 2006) (citing cases). However, in this case, Plaintiffs' legal theory never changed. Plaintiffs were merely attempting to provide additional support for the deductions claimed in the original Form 1040s.

(Doc. 10) is **DENIED**.

    **IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT